### INHABITANTS OF ADAMS *vs.* WILLIAM G. FARNSWORTH.

An action for money had and received may be maintained by a town against its treasurer to recover money received by him as treasurer, and not accounted for in his annual settlements with the town.

A demand by an agent, appointed by a town to settle a claim against one of its officers, is a sufficient demand before commencing an action against him in behalf of the town.

In an action brought by a town against its treasurer to recover sums not included in his account, he may show other errors in the account tending to balance the omission, without pleading them in his answer or in set-off.

A town treasurer and collector is not accountable to the town for the amount of taxes illegally assessed, and which he has not received.

In an action by a town against its treasurer for money had and received, after the counsel for the town has offered to allow him to prove any sums paid by him and not credited on the books of the town, evidence of such a payment by him before the bringing of the action cannot be rejected because not specified in his answer.

ACTION OF CONTRACT for money had and received. The defendant in his answer said that he could neither admit nor deny the plaintiffs' allegation, but left them to prove the same, and that if he received any of the money claimed he received and held it as the treasurer and collector of the town, and denied the town's right to recover it; and in an additional answer alleged that before the commencement of the action he had made a full and final settlement with the town of all the claims in the writ, and denied that he owed the town any part thereof.

At the trial in the court of common pleas in Berkshire, before *Briggs*, J., it appeared that the defendant was chosen town treasurer and collector, and gave bonds as such every year from 1850 to the bringing of this action. The town claimed certain sums of money for which, through mistake, the defendant had failed to account in his annual settlements, the particulars of which appeared in the report of an auditor.

The defendant denied the right of the town to maintain this action, because when it was brought he was the town treasurer

and collector and the legal custodian of the money belonging to the town, and required by law to pay over and account for the same according to the order of the town or its officers, and that the remedy of the town, if any, was by action on his bond; and also because the only demand made upon him before bringing this action was by a special agent chosen by the vote of the town to settle with the defendant, during the time he had held the office of treasurer and collector of the town. But the judge overruled these objections.

The defendant offered to show that during the time in question the taxes the amount of which was charged to him on the books of the town were illegal, and a large portion thereof had not been collected at the date of the writ. But the judge rejected the evidence, and ruled that the defendant must be confined to disproving the items stated in the auditor's report. The judge also refused to allow the defendant to show that the annual balances stated in his accounts with the town were incorrect, that he had not received the amount charged, and had paid over all that he had received.

The plaintiff's counsel offered to permit the defendant to prove any money, paid by him, which was not credited on the books of the town. Whereupon the defendant offered to prove " that the sum of $ 127.21 had been paid by the defendant to the plaintiffs before this action was commenced, which sum had not been credited to him on the plaintiffs' books, or allowed to him in settlement with the town." But the judge " refused to permit the evidence to go to the jury, as the case stood under the pleadings and the auditor's report."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions, which were argued at the last term in Berkshire.

*M. Wilcox & F. O. Sayles,* for the defendant.

*H. L. Dawes,* for the plaintiffs.

HOAR, J. The court are of opinion that, for two reasons, the verdict must be set aside, and a new trial granted.

The action is for money had and received by the defendant to the plaintiffs' use. The proof was that the defendant had

received certain sums as treasurer of the plaintiff town, which had not been charged to him in his annual settlement, and that therefore a large balance should have been credited to the town by him in his next account. The answers put in issue any such liability.

It seems to us that in such an action the whole account between the parties is necessarily opened. The defendant denies that any larger balance is due than has been credited. But he is still the treasurer of the town, entitled by his office to the general custody of the town's money, and the plaintiffs do not seek to take it from him. It is only because he denies his liability for certain sums, not carried into his account, that this action is to be maintained. But when a settled account is opened on one side, for the purpose of showing errors, it is obviously just that it should be considered as open on the other side, for the same purpose. If there are errors which balance each other, the plaintiffs have no cause of action, because the defendant has no money in his hands which he has omitted or refused to credit. From the nature of the relation between the parties, as well as from the nature of the action, if he has already by mistake credited the plaintiffs with an amount equivalent to that with which they seek to charge him, there is no foundation for their claim. He has no money of theirs beyond the sum for which he has already charged himself, and which they are content that he should hold in the execution of his ordinary official duty.

It would not be sufficient to maintain this action against the town treasurer, to show merely that he had received certain sums of money, if he had accounted for them, or properly paid them out in the plaintiffs' service. And in readjusting the account, when the plaintiffs seek to go behind the settlement, we do not think it is to be treated as a charge on the one side, and a set-off, to be strictly pleaded and specified as such, on the other. It results in a single question, whether the balance credited should have been larger; and if so, to what amount. The plaintiffs, to establish their side of the proposition, may show specific sums for which the defendant has refused to ac-

count; and he in his turn may show that the balance is correctly struck, because the errors against him balance those in his favor.

It would of course be competent for the court in which the cause is pending to order any specifications on either side which would prevent surprise and facilitate the course of the trial.

In applying this rule, the defendant should have been admitted to prove that certain taxes, which had not been legally assessed, and which he could not legally collect, had not been received by him, and had been charged to him in account. It was decided in *Cheshire* v. *Howland*, 13 Gray, 321, that a collector of taxes is not responsible for taxes committed to him by an illegal warrant, which he could not enforce; and the principle of that decision is applicable to the case before us.

For a still stronger reason, we are unable to perceive a sufficient cause for the exclusion of the evidence of the payment of the sum of $127.21 by the defendant before the commencement of the suit. The agreement of the parties would seem to have been a complete waiver of any defect in the pleadings or specifications, if any such existed.

If the proof had shown that this was a mere payment from the receipts of the current year, and balanced by sums to be charged to him in the same account, this might have been a sufficient answer, and rendered the defence ineffectual. But as the evidence appears in the bill of exceptions, we think it should have been allowed to go to the jury.

The other exceptions of the defendant we do not consider well founded.                                   *Exceptions sustained.*